IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO NEWBY                    *

Plaintiff                        *

v                                *     Civil Action No. PWG-18-3207

OFFICER C. YOUNGER,              *
CAPTAIN RIFFEY,
OFFICER FARMER D.W.              *

Defendants                       *
                               ***

## MEMORANDUM OPINION

Antonio Newby filed a Complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, with a Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, which will be granted for the purpose of preliminary review. Newby, who is incarcerated at Roxbury Correctional Institution, alleges that Officer C. Younger confiscated his Xbox because the security seal was broken. Compl. 3. Newby states that he told Officer Farmer that he wanted a hearing regarding the "forfeiture of non-contraband property." *Id.* Newby contends that he did not receive fair notice and was denied a hearing, as Farmer informed him that "Captain Riffey said that [Newby] had no other choice but to dispose of [his] property or send it home." *Id.* at 3–4. As relief, Newby asks "to be compensated for [his] mental abuse and blatant disregard for [his] constitutional rights" under the due process clause of the Fourteenth Amendment. *Id.*

Newby filed this Complaint under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court also recognizes its obligation to liberally construe the pleadings of pro se litigants such as Newby. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Under 42 U.S.C. § 1983, a plaintiff must establish violation of a constitutional right or federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979). Inmates typically have a liberty interest where good time credits are lost or where actions are taken that unexpectedly exceed the scope of their sentence. In such circumstances, the procedural protections of the Due Process Clause come into play. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Prisoner due process rights also arise based on mandatory language in state law or regulations that create enforceable expectations, and where the adverse action imposes "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484.

In the case of lost property, sufficient due process is afforded to a prisoner if there is access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44, *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Newby may pursue his remedies under the Maryland Tort Claims Act and through the Inmate Grievance Office. The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). Section 1983 vindicates "federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)

(citing *Tucker v. Duncan*, 499 F.2d 963, 965 n.1 (4th Cir. 1974)). Because the Complaint does not state a plausible federal claim, the Court shall dismiss it with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). A separate Order follows.

11/6/2018
Date

Paul W. Grimm
United States District Judge